IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
MAY 1 9 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry Stinchcomb, )
    Movant, )
)
)
)
)
)
v. ) Case No. 01-30119-001
)
)
UNITED STATES OF AMERICA, )
    Respondent. )
)
)

### SEPARATE MEMORANDUM OF LAW

Dear Clerk:

    Memorandum of law in support of motion enclosed in this separate cover.

    Respectfully Submitted this _____ day of _____, 2005.

                                                    Larry Stinchcomb
                                                   Reg. No. 53340-019
                                                   P.O. Box 4000
                                                   Manchester, KY 40962-4000

"[w]hen a defendant pleads guilty, the [government] is free to seek judicial sentence enhancements so long as the defendant either stipulated to the relevant facts or consents to judicial factfinding. Id. at 2541 (emphasis added)(citing Apprendi v. New Jersey, 530 U.S. 466, 488 (2000); Duncan v. Louisiana, 391 U.S.145, 158 (1968). It is clear that a defendant may waive, inter alia, constitutional and statutory rights. See Fed. R. Crim. P. 7(b) (2004),(This notes the ability to waive the right to an indictment). See also Iowa v. Tovar, 124 S.Ct. 1379, 1387-90 (2004); United States v. Mezzanatto, 513 U.S. 196, 200-11 (1995); Johnson v. Zerbst, 304 U.S. 458, 465 (1938)(Approving the waiver of the right to counsel). Patton v. United States, 281 U.S. 276, 312-13 (1930),(Approving the waiver of the right to a jury trial), overruled on other grounds by Williams v. Florida, 399 U.S. 78, 90-94, 102-103 (1970); Diaz v. United States, 223 U.S. 442, 450-53 (1912).

To support the proposition that a defendant may waive constitutional rights by simply admitting facts that increase the relevant statutory maximum sentence, Blakely cited a specific page in Apprendi that discussed Almendarez-Torres v. United States, 523 U.S. 224 (1998). Blakely, 124 S.Ct. at 2541 (citing Apprendi, 530 U.S. at 488). It cannot be denied, however, that Almendarez-Torres dealt only with the situation where a defendant admits to the fact of a prior conviction and not to facts that increase the relevant statutory maximum sentence. See Apprendi, 530 U.S. at 487-88; cf. Blakely, 124 S.Ct. at 2541.

Moreover, Almendarez-Torres represents an "exceptional departure from the historic practice" of requiring the government to include in the indictment those facts, other than the fact of a prior conviction, that increase the statutory maximum sentence of imprisonment. See Apprendi, 530 U.S. at 487-88. The reasons for this exceptional departure" are that adefendant with a prior conviction is presumed to have enjoyed the full panoply of constitutional rights during the previous proceedings and that the courts of this country have traditionally treated recidivism as a sentencing factor. ("[A] prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249 (1999). "The majority and the dissenters in Almendarez-Torres disagreed over the legitimacy of the Court's decision to restrict its holding to recidivism, but both sides agreed that the Court had done just that." Id. at 249, n10.).

In sum, neither Almendarez-Torres nor Apprendi condoned a defendant waiving constitutional rights simply by admitting essential facts that would result in an increase in the relevant statutory maximum sentence, but that are not related to the fact of a prior conviction. Thus, this Court has not sanctioned a "waiver" and it cannot reasonably be argued that a defendant can waive Apprendi rights by simply admitting those facts, unrelated to a prior conviction, that increase the defendant's relevant statutory maximum sentence. Cf. Apprendi, 530 U.S. at 488; Jones, 526 U.S. at 249; In re Winship, 397 U.S. 358, 364 (1970); Johnson, 304 U.S. at 465. (This is not to say that a defendant cannot waive or stipulate to those facts that are only relevant to the defendant's guilt, innocence,

or sentence within the relevant statutory maximum sentence; however, such a waiver or stipulation is not so easily given when the facts are used to increase the relevant statutory maximum sentence. Cf. Blakely, 124 S.Ct. 2537; Apprendi, 530 U.S. at 490).

### B.  THE REQUIREMENTS OF A VALID WAIVER

It is beyond peradventure that a mere factual admission does not fulfill the requirements of a voluntary and knowing waiver of Apprendi rights.  Cf. Bousley v. United States, 523 U.S. 614, 618 (1998): Johnson, 304 U.S. at 464-65; Cordova v. Hood, 84 U.S. 1, 7 (1873). (A "[w]aiver is a thing of intention as well as of action," Cordova, 84 U.S. at 7).

For nearly 70 years Johnson has held that'"courts indulge every reasonable presumption against waiver' of fundamental constitutional rights...and that we 'do not presume acquiescense in the loss of fundamental rights.' .... A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson, 304 U.S. at 464 (citations omitted).  With that, how can it be said that a defendant's simple admission of facts not included in the indictment can serve as a knowing and voluntary waiver of constitutional rights, a waiver that then allows a court to increase the relevant statutory maximum sentence, i.e., sentence the defendant to an additional term of imprisonment for uncharged conduct?  It cannot.(The Supreme Court has clearly held that "'[p]resuming waiver from a silent record isinpermissible.'" Boykins v. Alabama, 395 U.S. 238, 242 (1969)(quoting Carnely v. Cochran, 369 U.S. 506, 516 (1962).  Indeed, a simple admission does not "speak" to whether the person has knowingly and voluntarily waived their constitutional rights.  Cf, Boykin, 395 U.S. at 242-43.

It is no good to say that the defendant's guilty plea can "subsidize" a defendant's admission such that the admission would fulfill the requirements of a waiver of constitutional rights. A "guilty plea is an admission of all the elements of aformal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466 (1979)(emphasis added); see United States v. Broce, 488 U.S. 563, 570 (1989). Because the guilty plea is directly related to conduct that the government includes in the indictment, the trial "judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" McCarthy, 394 U.S. at 46 7(emphasis added)(quoting Fed. R. Crim. P. 11, NOtes of Advisory Committed on Criminal Rules (1966)); see Libretti v. United States, 516 U.S. 29, 38 (1995); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).

Accordingly, a court cannot piggyback a defendant's admission of facts that increase the relevant statutory maximum sentence onto a plea of guilty; the admitted conduct was not included in the indictment or information and cannot be used, absent a sufficient waiver, to increase a defendant's relevant statutory maximum sentence. Cf. Boy kin, 395 U.S. at 242-43; McCarthy, 394 U.S. at 466. Moreover, if allowed, there would be no guarantee that the defendant was aware of his rights to a jury trial and proof beyond a reasonable doubt with regard to the facts that increase the relevant statutory maximum sentence. Cf. Johnson, 304 U.S. 464-65.(That a guilty plea is a grave and solemn act to be accepted only with care and

-4-

discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committted the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so- hence the minimum requirement that his plea be the voluntary expression of his own choice.....But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial-- a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 748 (1970)(emphaisis added)(citations omitted); see United States v. Ruiz, 536 U.S. 622, 628-29 (2002). Boykin, 395 U.S. at 243, n.5; Fed. R. Crim. P.11(b)(2004). Rule 11(b) clearly outlines the proper method for receiving a defendant's waiver of rights during a guilty plea. Fed. R. Crim. P. 11(b). Rule 11(b) includes a plethora of constitutional and statutory rights that a sentencing court must address. Id. (Because Rule 11(b) does not address all of the Apprendi rights, a colloquy based solely on the current version of Rule 11(b) is inadequate. Compare Fed. R. Crim. P. 11(b) to Hamdi v. Rumsfield, 124 S.CT. 2633, 2646-49 (2004)(plurality); United States v. Cotton, 535 U.S. 625, 627 (200); Apprendi, 530 U.S. at 482-84, 490, n.15; Jones, 526 U.S. at 243; n.6; In re Winship, 397 U.S. at 364. The fact that Rule 11(b) requires a sentencing court to personally address the defendant and ensure that the defendant knows what rights are being waived and that the waiver is voluntary provides

-5-

a strong argument that a simple admission of facts cannot be used against the defendant to increase the relevant statutory maximum sentence. See id.

In fact, as a matter of practice, no federal judge would take a guilty plea based solely on a defendant's factual admission. Cf. De Jonge v. Oregon, 299 U.S. 353, 362 (193 7). Before taking a guilty plea, sentencing judges ensure that a defendant knows and understands his constitutional and statutory rights and knowingly and voluntarily waives such rights. See Fed. R. Crim. P. 11(b). Judges ensure that all of this has occurred by conducting a colloquy pursuant to Fed. R. Crim. P. 11(b). See id. A mere admission of facts is clearly insufficient. See id.; cf; Johnson, 304 U.S. at 464.

Astoundingly to many defendants, in the Criminal Law Reporter, Vol. 76 No. 1 Oct. 6, 2004, concerning the proceeding of the United States Supreme Court, Justice Scapicchio has stated: "the government has known that the Sixth Amendment required it to get jury findings for sentence enhancers since the court handed down its decision in Apprendi, and at least since the court extended Apprendi to death penalty findings in Ring v. Arizona, 536 U.S. 584, 71 CrL 373 (2002)."

What this defendant would really like to know is, if the Supreme Court has known that it is necessary to get jury findings for sentence enhancers, why has this defendant's sentence been enhanced?

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent to the below listed parties, first class United States postage pre-paid, by placing same into the institution legal mail system here at F.C.I. Manchester, Kentucky, on this _____ day of _____, 2005.

 

Larry Stinchcomb
Reg. No. 53340-019
P.O. Box 4000
Manchester, KY 40962-4000