**E-FILED**
Friday, 04 April, 2008  05:02:27 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  01-30119 |
| | ) | |
| LARRY M. STINCHCOMB, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel (d/e 30) (Motion to Withdraw).  On March 20, 2008, Defendant Larry Stinchcomb filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (d/e 29).  The Court appointed the Federal Public Defender to represent Defendant in connection with the Motion for Modification of Sentence.  Text Order entered March 25, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

[I]n the case of a defendant who has been sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

Stinchcomb was sentenced on February 28, 2003, to 228 months imprisonment. A Presentence Report (d/e 22) (PSR) was prepared by the United States Probation Office in anticipation of sentencing. The PSR recommended that Stinchcomb be classified as a career offender under U.S.S.G. § 4B1.1. PSR, ¶ 26. At sentencing, the Court overruled Stinchcomb's objections to the PSR and adopted its findings. Minute Entry, dated February 28, 2003. Thus, Stinchcomb's Guideline range was determined based on the fact that he was a career offender. See U.S.S.G.

2

§ 4B1.1.  As such, the Federal Public Defender has concluded that the retroactive Amendment would not apply to Stinchcomb, and thus, asks for permission to withdraw as his counsel.  <u>Motion to Withdraw</u>, ¶ 3.

THEREFORE, for the reasons set forth above, the Federal Public Defender's Motion to Withdraw as Counsel (d/e 30) is GRANTED. Defendant is allowed to pursue this matter pro se.  Defendant shall file with this Court no later than May 1, 2008, a pleading that either: (a) concedes that the Amendment does not apply because he was found to be a career offender, or (b) explains why the Amendment applies in spite of the fact that he was found to be a career offender.  The Court will defer ruling on Stinchcomb's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (d/e 29) until after that date.

IT IS THEREFORE SO ORDERED.

ENTER:   April 4, 2008

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE